PERLEY S. BROWN *vs.* STEPHEN H. MOSHER.

Somerset.    Opinion November 3, 1890.

*Replevin.    Warrant of Distress.    Officer.    Way.    Agent.    County Commissioners. Jurisdiction.    Amendment.    R. S., c. 14, § 11; c. 18, § § 2, 3, 4, 37; c. 78, § § 6, 8, 18.*

A warrant of distress against the inhabitants of a town does not *per se* protect an officer, distraining the goods and chattels of one of its inhabitants, when it does not affirmatively appear on the face of the warrant that the court of county commissioners had jurisdiction of the subject matter of the judgment on which it was issued.

If, however, the record of the judgment shows such jurisdiction in fact, the officer's legal execution of the warrant may be justified notwithstanding that fact does not affirmatively appear on the face of it.

A petition for the appointment of an agent to open and make passable a highway under the provisions of R. S., c. 18, § 37, duly entered at a regular session of the court of county commissioners, may be ordered to be heard and heard, after proper notice therefor, in the vicinity of the location; and the court may adjourn the session, at which the petition was entered, to the time and place ordered.

If such adjournment does not appear of record, the court of county commissioners may, at any regular session, amend its record so that it may accord with the facts.

ON REPORT.

This was an action of replevin. It was admitted that the plaintiff was the owner of the chattels, that they were not exempt from attachment; and that the defendant, at the time of the taking, was a deputy of the sheriff for Somerset County authorized to serve civil process.

The defendant justified the taking by virtue of a warrant of distress, issued by the county commissioners of Somerset County against the inhabitants of Detroit, upon which he had seized the property to satisfy the warrant.

It appeared that the county commissioners had laid out a way, called Peltoma bridge, across the Sebasticook river between Pittsfield and Detroit, and it not having been opened within two years they caused it to be done, and the bridge to be built, by an agent appointed by them. The proceedings of the commissioners ended in issuing a warrant of distress against Detroit to enforce their judgment rendered thereon, and to collect the proportional part, of the cost of building that portion of the bridge lying within the limits of the town.

The plaintiff, an inhabitant of Detroit, contended that the warrant of distress was void, and opening of the way invalid, for the reasons which appear in the opinion of the court.

*S. S. Hackett,* for plaintiff.

Counsel cited: *Longfellow* v. *Quimby,* 29 Maine, 196; *Toll Bridge, Pet'rs,* 11 *Id.* 263; *Waterville* v. *Barton,* 64 *Id.* 321; *Bangor* v. *Co. Com.* 30 *Id.* 270; *Levant* v. *Co. Com.* 67 *Id.* 429; *Machias River Co.* v. *Pope,* 35 *Id.* 19; *Sumner* v. *Co. Com.* 37 *Id.* 112; *Harkness* v. *Co. Com.* 26 *Id.* 353; *Waterhouse* v. *Co. Com.* 44 *Id.* 368; *Bethel* v. *Co. Com.* 60 *Id.* 535; *State* v. *Co. Com.* 78 *Id.* 100; *State* v. *Hall,* 49 *Id.* 412; *White* v. *Riggs,* 27 *Id.* 114; *Ferger* v. *Wesler,* 35 Ind. 53; *Pillsbury* v. *Sgringfield,* 16 N. H. 565; *Lancaster* v. *Pope,* 1 Mass. 85; *Com.* v. *Metcalf,* 2 *Id.* 118; *Com.* v. *Chase,* 2 *Id.* 170; *Com.* v. *Cambridge,* 4 *Id.* 627; *Com.* v. *Egremont,*

6 *Id.* 491; *Com.* v. *Cambridge*, 7 *Id.* 158; *Cent. Turnpike, Pet'rs*, 7 Pick. 13; *Hinckley, Pet'r*, 15 *Id.* 447; *Porter* v. *Co. Com.* 13 Met. 479; *R. R. Co.* v. *Co. Com.* 51 Maine, 36; *Williams, Pet'r*, 517 *Id.* 517; *Fairfield* v. *Co. Com.* 66 *Id.* 385; *Buffum* v. *Ramsdell*, 55 *Id.* 252; *Winslow* v. *Lambard*, 57 *Id.* 356; *Walton* v. *Greenwood*, 60 *Id.* 356; *Holmes* v. *Holmes*, 63 *Id.* 420; *Prentiss* v. *Parks*, 65 *Id.* 559; *Leonard* v. *Motley*, 75 *Id.* 418; *Small* v. *Pennell*, 31 *Id.* 267; *Miller* v. *Brinkerhoff*, 4 Denio, 118; *Woodman* v. *Somerset*, 25 Maine, 300; *Matter of Ferguson*, 9 Johns. 239; *Dixon* v. *Highway Com.* N. W. Rep. (Mich. 1889), 814; *Snyder* v. *Goodrich*, 2 E. D. Smith, 84; *Germond* v. *People*, 1 Hill, 343; *Guptill* v. *Richardson*, 62 Maine, 257, 264; *Gurney* v. *Tufts*, 37 *Id.* 130; *Savacool* v. *Boughton*, 5 Wend. 171; cited by WALTON, J., in *Nowell* v. *Tripp*, 61 Maine, 429; *Green* v *Elgin*, 5 A. & E. (N. S.) 100.

Court should refuse a return. *Wheeler* v. *Train*, 4 Pick. 168; *Martin* v. *Bayley*, 1 Allen, 381; *Ingraham* v. *Martin*, 15 Maine, 373.

*S. C. Strout, H. W. Gage, and C. A. Strout, J. W. Manson* with them, for defendant.

Warrant of distress sufficient: Freem. Exon. § 101, p. 128; R. S., c. 3, § 1; c. 18, § 37; c. 78, § § 6, 7, 9, 18; c. 80, § 10; *Bryant* v. *Johnson*, 24 Maine, 307; *Stevens* v. *Roberts*, 121 Mass. 555; *Eames* v. *Savage*, 77 Maine, 212; *Waterville* v. *Barton*, 64 *Id.* 331; *Grover* v. *Howard*, 31 *Id.* 548; *Caldwell* v. *Hawkins*, 40 *Id.* 528; *Gray* v. *Kimball*, 42 *Id.* 307; *Seekins* v. *Goodale*, 61 *Id.* 404; *Nowell* v. *Tripp*, *Id.* 428; *Carville* v. *Additon*, 62 *Id.* 461; *Ford* v. *Clough*, 8 *Id.* 342; *Judkins* v. *Reed*, 48 *Id.* 386; *Elsemore* v. *Longfellow*, 76 *Id.* 130; *Small* v. *Orne*, 79 *Id.* 82; *Warren* v. *Kelley*, 80 *Id.* 531; *Chase* v. *Ingalls*, 97 Mass. 529; *Twitchell* v. *Shaw*, 10 Cush. 46; *Wilmarth* v. *Burt*, 7 Met. 256; *Donahue* v. *Shed*, 8 Met. 326; *Fisher* v. *McGirr*, 1 Gray, 45; *Clark* v. *May*, 2 Gray, 410.

·Chattels in the custody of the law can not, at common law, be replevied: *Illsley* v. *Stubbs*, 5 Mass. 283; *Thompson* v. *Button*, 14 Johns. 84; *Clark* v. *Skinner*, 20 Johns. 471; *Hall* v. *Tuttle*,

2 Wend. 476; *Gardner* v. *Campbell*, 15 Johns. 401; *Musgrav* v. *Hall*, 40 Maine, 499.

Nor by statute : Laws of 1821, c. 80, § 6; *Hinds* v. *Allen*, 55 Maine, 116; *Stringer* v. *Coombs*, 62 *Id.* 165.

Officer serving the writ violated its express commands. Writ should be dismissed. The case shows the chattels had been taken and detained upon a warrant of distress, as the plaintiff's property.

All the proceedings, ending with the issuing of the warrant of distress, are regular and legal in form and substance : *Woodman* v. *Somerset*, 25 Maine, 301; *Sumner* v. *Co. Com.* 37 *Id.* 123; *Waterville* v. *Barton*, 64 *Id.* 323 : *Chapman* v. *Co. Com.* 79 *Id.* 269; *Ipswich* v. *Petitioners*, 24 Pick. 345.

Defendant entitled to a return : R. S., c. 96, §§ 11, 12; *Moulton* v. *Bird*, 31 Maine, 298; *Greeley* v. *Currier*, 39 *Id.* 516; *Bath* v. *Miller*, 53 *Id.* 316.

VIRGIN, J. This is an action of replevin. The defendant sets up a justification of the taking as a deputy sheriff, by virtue of a warrant of distress, issued on an alleged judgment rendered by the court of county commissioners, in favor of one Connor, against "the inhabitants of Detroit," of which this plaintiff is one.

The plaintiff challenges the justification under the warrant for the alleged reason that it does not disclose the jurisdiction of the commissioners.

A warrant of distress in due form issued by a court of county commissioners, like the final process of other inferior tribunals, affords *per se* full protection to the officer serving it, whenever it appears on its face that the court had jurisdiction of the subject matter and no want of authority in other respects appears thereon. *Gurney* v. *Tufts*, 37 Maine, 130, 133; *Gray* v. *Kimball*, 42 Maine, 299, 307; *Nowell* v. *Tripp*, 61 Maine, 436; *Elsemore* v. *Longfellow*, 76 Maine, 128; *Winchester* v. *Everett*, 80 Maine, 535, 537; *Chase* v. *Ingalls*, 97 Mass. 529.

The legislature has prescribed the form of several mesne and final processes, civil and criminal (St. 1821, c. 63, R. S., c. 27), but a warrant of distress is not found among them. Com-

missioners have general authority to enforce, by such warrants, judgments legally rendered by them, (R. S., c. 78, § 18,) and express authority to issue them against unsuccessful petitioners under R. S., c. 18, § 3 ; and specific power, by such process, to collect from a town the regularly allowed amount of expenditures and expenses of a duly appointed agent in opening and making passable a highway, which the town itself was bound by law but neglected to build. R. S., c. 18, § 37.

The cases in which it is issuable are few; and if issued in cases not authorized, it is invalid. The one in hand discloses on its face no intimation of the subject matter of the judgment on which it was issued and which it was intended to enforce. For aught that appears in the warrant itself, the judgment may have been rendered upon a special contract, a tort or some other cause entirely foreign to the jurisdiction of such a court. Under the rule of law above mentioned, therefore, as the warrant on its face fails to show that the commissioners had jurisdiction of the subject matter of the judgment, it alone can not be held to justify the defendant's taking of the plaintiff's property.

If, however, the commissioners had jurisdiction in fact and the record of the judgment, on which it was issued, so shows, then the defendant was justified, unless he transcended his authority in executing it,— of which there is no suggestion.

The judgment also is attacked upon the ground of want of jurisdiction,— that the hearing upon the petition for the appointment of the agent, whose account of expenditures and expenses is the subject matter of the judgment, should have been had at the shire town of Skowhegan, and not in Pittsfield, one of the towns in which a part of the located bridge is situated.

The petition was in due form and was duly filed at the "annual session" of March, 1888, in Skowhegan; whereupon legal notice thereon, so far at least as time is concerned, was duly ordered and subsequently served. Both towns appeared by their respective counsel, when the town of Detroit objected, and now urges the objection, that the court had no legal authority to have the hearing in Pittsfield, in the immediate

vicinity of the location, but in the shire town of Skowhegan only. "Annual sessions," by reason of the positive requirements of the statute, must be held in the shire town, (R. S., c. 78, § 6,) except when a malignant infectious distemper prevails there. R. S., c. 14, § 11. But hearings on petitions for laying out, altering or discontinuing ways are required to take place at the place of meeting fixed at the discretion of the commissioners, or at a place in the vicinity. R. S., c. 18, § § 2 and 4. While the petition for the appointment of an agent to build a legally located way, which the town liable has neglected to open, is a new process and the foundation of a judgment which does not become a part of the recorded proceedings of the location, nevertheless it is a subsequent stage of the same subject matter, being one of the modes of executing the decision of the commissioners. When the petition for location was before them, the statute required of them a personal view, in order that they might thereby acquire a full knowledge of the nature and situation of the premises; and a hearing on its merits in the vicinity for the obvious accommodation and convenience of all the parties and persons interested, and thereby save the unnecessary expense and trouble of traveling to and from the shire town. Like reasons with many others, which readily suggest themselves in connection with the construction of a bridge across a river forming the boundary line between towns, would seem to render essential a view and hearing at or near the *locus.* The mere duty of fixing the time, when the bridge and its approaches shall be completed involves the careful consideration of numerous facts and circumstances of which a view would afford the best possible evidence, supplemented by the knowledge of residents thereon as to the nature of the bed and the action of the current in high and low water. At such a place all could be heard, accommodated and convened, and at the least expense practicable and none injured.

It is urged, however, that while the statute authorizes a hearing in the vicinity on a petition for the location, it does not on the petition for the appointment of an agent. True, there is no express statutory authority therefor. Neither is there any

statutory provision affirmatively authorizing commissioners to hold any sessions even in the shire town, on any days other than the three designated for their annual sessions. No adjourned sessions are mentioned in the statute, although when only one of the commissioners is present, "he may adjourn to a convenient time and place." R. S., c. 78, § 8. But so long as there is no statute prohibiting the court from adjourning from time to time, and holding adjourned sessions to accommodate the business of the people of the county, we have no doubt they have the inherent right to do so. Moreover it has been the universal custom and practice, especially in the more populous counties, to keep the regular sessions open by adjournments; and petitions and applications for their action have always been considered as entered at a "regular session," whenever they were presented at a session held by adjournment from a regular session. *Parsonsfield* v. *Lord*, 23 Maine, 515; *Harkness* v. *Co. Com.* 26 Maine, 353; *Waterville* v. *Co. Com.* 59 Maine, 80; *Bethel* v. *Co. Com.* 60 Maine, 535. And agents may be appointed at an adjourned term, because, says SHEPLEY, C. J., "the statute does not require that commissioners should act upon such proceedings at the times prescribed by law." *Sumner* v. *Co. Com.* 37 Maine, 112.

We are of opinion, therefore, that in the absence of any statutory prohibition, the commissioners had discretionary power, on proper notice to the parties, to have the hearing in the vicinity of the *locus*, and acted wisely in thus ordering it. The place was more convenient for all concerned than the shire town; much expense saved and no one could possibly be prejudiced thereby; and no one has attempted to impugn the wisdom of the appointment.

From that point forward, the record shows a careful compliance with the statutory provisions regulating such proceedings and no objection has been made thereto.

If the record does not show the hearing to have been held at an adjourned session, it was such a session in fact, and the county commissioners have full authority over their record, and

can, at any session, correct their record to accord with the facts.

> *Judgment for the defendant. Property*
> *to be returned. Damages to be settled*
> *at nisi prius.*

PETERS, C. J., WALTON, LIBBEY, HASKELL and WHITEHOUSE, JJ., concurred.